NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. AARON SOTO, a.k.a. Bobby, Defendant - Appellant. | No. 14-50582 D.C. No. 2:12-cr-01135-RGK-3 MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted October 26, 2015[**]

Before:    HUG, FARRIS, and CANBY, Circuit Judges.

Aaron Soto appeals from the district court's judgment and challenges his

guilty-plea conviction and 72-month sentence for a Racketeer Influenced and

Corrupt Organizations Conspiracy, in violation of 18 U.S.C. § 1962(d), and

possessing a firearm in furtherance of a crime of violence and a drug trafficking

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

crime, in violation of 18 U.S.C. § 924(c). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Soto's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel. We have provided Soto the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Soto waived his right to appeal his conviction, with the exception of an appeal based on a claim that his plea was involuntary. He also waived the right to appeal his sentence, although he retained the right to appeal some conditions of supervised release. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief as to the voluntariness of Soto's plea or the terms and conditions of supervised release. We therefore affirm as to those issues. We dismiss the remainder of the appeal in light of the valid appeal waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009).

Counsel's motion to withdraw is **GRANTED**.

**AFFIRMED** in part; **DISMISSED** in part.